**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
_____
(State)

Case number *(if known)*: _____     Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's Name** | Access Dental Lab, LLC | |
| **2. All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | N/A | |
| **3. Debtor's federal Employer Identification Number** (EIN) | 35-2631381 | |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 414 Union Street <br> Number        Street | Number        Street |
| 8th Floor | |
| Nashville        Tennessee    37219 <br> City        State    Zip Code | City        State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Davidson County <br> County | Number        Street |
| | City        State    Zip Code |

| | | |
|---|---|---|
| **5. Debtor's website** (URL) | https://smiledirectclub.com | |
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

| Debtor | **Access Dental Lab, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**3391**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C.§ 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

| Debtor | **Access Dental Lab, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | | | | |
|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship **Affiliate** |
| List all cases. If more than 1, attach a separate list. | | District | **Southern District of Texas** | When **09/29/2023**<br>MM / DD / YYYY |
| | | Case number, if known _____ | | |

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>Number          Street<br><br>_____<br>City                                    State      Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes.   Insurance agency _____<br>              Contact name _____<br>              Phone _____ |

| | Statistical and administrative information |
|---|---|

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

Debtor    **Access Dental Lab, LLC**                                    Case number *(if known)*
_____                      _____
Name

| 14. Estimated number of creditors (on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☒ More than 100,000 |
|---|---|---|---|
| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **09/29/2023**
          MM/ DD / YYYY

✗    **/s/ Troy Crawford**                              Troy Crawford
     Signature of authorized representative of debtor      Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**      ✗    **/s/ Rebecca Blake Chaikin**      Date   **09/29/2023**
                                 Signature of attorney for debtor              MM/DD/YYYY

**Rebecca Blake Chaikin**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number                Street

**Houston**                              **Texas**        **77010**
City                                    State          ZIP Code

**(713) 752-4200**                       **rchaikin@jw.com**
Contact phone                           Email address

**24133055**                    **Texas**
Bar number                   State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known):* _____  Chapter __11__ |

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of SmileDirectClub, Inc.

- **SmileDirectClub, Inc.**
- **Access Dental Lab, LLC**
- **CAMF II, LLC**
- **Ortho Lab Services, LLC**
- **SDC Financial LLC**
- **SDC Holding, LLC**
- **SDC Plane, LLC**
- **SmileDirectClub, LLC**
- **SmileFarm, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCESS DENTAL LAB, LLC, | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| SDC Financial LLC | 414 Union Street, 8th Floor<br>Nashville, Tennessee 37219 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCESS DENTAL LAB, LLC, | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| SDC Financial LLC | 100% |

**Fill in this information to identify the case:**

Debtor name    SmileDirectClub, Inc.

United States Bankruptcy Court for the:    Southern    District of    Texas

Case number (If known): _____     (State)

☐ Check if this is an amended filing

# Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association Rodney Square North 1100 North Market Street Wilmington, DE 19890 | Michael Wass PHONE: 302-636-6398; 302-276-3840 EMAIL: mwass@wilmingtontrust.com | Convertible Unsecured Notes | | | | $747,500,000.00 |
| 2 | Align Technology, Inc. 2820 Orchard Parkway San Jose, CA 95134 | Jason Babb PHONE: 602-742-2000 EMAIL: jbabb@aligntech.com | Litigation | Disputed | | | $63,000,000.00 |
| 3 | 2987 Horizon Media, Inc. 75 Varick Street New York, NY 10013 | Nailah Mohammed PHONE: 212-652-0724 EMAIL: sdcbrand@horizonmedia.com | Trade Creditor | | | | $5,375,955.35 |
| 4 | Foley & Lardner LLP 321 N Clark St, Ste 2800 Chicago, IL 60654-5313 | Dawn Fueger PHONE: 312-832-4500 EMAIL: Fpasquesi@foley.com | Legal Advisor | | | | $3,908,338.00 |
| 5 | Legility, LLC 216 Centerview Drive 7 City Park, Suite 250 Brentwood, TN 37027 | Stephanie Ellis PHONE: 888-534-4548 EMAIL: billing@legility.com | Trade Creditor | | | | $2,596,486.40 |
| 6 | Salesforce.com PO Box 203141 Dallas, TX 75320-3141 | Mandy Williford Salesforce \| Manager, Credit & Collections PHONE: 317-440-9986 EMAIL: billing@salesforce.com; amanda.williford@salesforce.com | Trade Creditor | | | | $1,872,392.86 |
| 7 | GOOGLE Inc DEPT 33654 PO BOX 39000 San Francisco, CA 94139 | Lian Cimet/Justin Lord PHONE: 1-508-479-5539 EMAIL: collections@google.com; cimet@google.com; jlord@google.com | Trade Creditor | | | | $1,577,431.56 |

Debtor    __SmileDirectClub, Inc._____        Case Number (if known) _____
                          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  LTIMindtree Limited 25, Independence BLVD, Suite 401 Warren, NJ 07059 | Rakesh Ramanathan/Puneeth R PHONE: 908-604-8080 EMAIL: Sales.Support@mindtree.com; Rakesh.Ramanathan@ltimindtree.com; Puneeth.R@ltimindtree.com | Trade Creditor | | | | $1,497,255.52 |
| 9  Sullivan & Cromwell LLP 125 Broad Street New York, NY 10004 | David Feldman PHONE: 212-558-7195 EMAIL: billpayments@sullcrom.com | Legal Advisor | | | | $1,235,004.00 |
| 10  Heraeus Kulzer, LLC 300 Heraeus Way South Bend IN 46614-2517 | Tiffany Bryant PHONE: 574-855-9728 EMAIL: accountsreceivables.KNA@kulzer-dental.com | Trade Creditor | | | | $1,182,127.20 |
| 11  DASH BPO, LLC 10524 Moss Park Rd Ste 204-349 Orlando, FL 32832 | Mike Elmalem/Ezequiel Velasquez PHONE: 844-448-7608 EMAIL: Accounting@dashbpo.com; mike.elmalem@dashbpo.com; ezequiel.velasquez@dashbpo.com | Trade Creditor | | | | $842,037.00 |
| 12  Skadden Arps Slate Meagher & Flom, LLP 360 Hamilton Ave White Plains, NY 10601 | Gina Bertozzi PHONE: 914-750-3620 EMAIL: gina.bertozzi@skadden.com | Legal Advisor | | | | $804,492.00 |
| 13  UPS Supply Chain Solutions Inc 28013 Network Place Chicago, IL 60673-1280 | Sean Robinson/Haley Mareno PHONE: 1-877-869-7502 EMAIL: paymentremit@ups.com; hmareno@ups.com | Trade Creditor | | | | $730,680.49 |
| 14  Ernst & Young U.S. LLP P.O. Box 773712 Chicago, IL 60677-3712 | US Client Portals PHONE: 91-80-662-8297 EMAIL: P.EY.US.Invoices@ey.com | Professional Advisor | | | | $650,000.00 |
| 15  Merkle Inc. 7001 Columbia Gateway Dr. Columbia, MD 21046 | Tilminah Archibald PHONE: 443-542-4368/1; 628-260-8932 EMAIL: ar@merkleinc.com; tarchibald@merkleinc.com | Trade Creditor | | | | $628,825.89 |
| 16  Globant LLC 875 Howard Street Suite 320 San Francisco, CA 94103 | Ramji Subramanian/Denise Villamil Ariza PHONE: 877-215-5230/ 1-877-215-5230 ext. 14252 EMAIL: billing@globant.com; ramji.subramanian@globant.com; d.villamil@globant.com | Trade Creditor | | | | $627,417.00 |

Debtor ___SmileDirectClub, Inc._____     Case Number (if known) _____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Troutman Pepper Hamilton Sanders LLP PO BOX 933652 Atlanta, GA 31193-3652 | Anna Henderson PHONE: 404-885-3717 EMAIL: Anna.henderson@troutman.com | Legal Advisor | | | | $615,068.49 |
| 18 | PJT Partners LP 280 Park Avenue 17th Floor New York, NY 10017 | Matthew O'Brien PHONE: 212-364-7131 EMAIL: PJTUSInvoicing@pjtpartners.com; Matthew.OBrien@pjtpartners.com | Professional Advisor | | | | $518,070.46 |
| 19 | Gen.G esports 1615 16th St Santa Monica, CA 90404 | Clarissa Avendano PHONE: 310.922-1417 EMAIL: us_accounting@geng.gg | Trade Creditor | | | | $443,000.00 |
| 20 | COMMISSION JUNCTION, INC. P.O. Box 735538 Dallas, TX 75373-5538 | Shekera John PHONE: 770-576-8829 EMAIL: cjar@cj.com | Trade Creditor | | | | $390,664.75 |
| 21 | SHENZHEN RISUN TECHNOLOGY CO., LTD Building A, No.6 of Xinmu Road Pinghu Street, Shenzhen Guangdong Province 518111 China | Lisa Shi PHONE: 86-13823175690 EMAIL: sales8@risuntech.cn | Trade Creditor | | | | $378,738.40 |
| 22 | Coupa Software., Inc 1855 South Grant Street San Mateo, CA 94402 | Rick Avalos PHONE: 650-485-8593 EMAIL: billing@coupa.com | Trade Creditor | | | | $364,267.34 |
| 23 | Smile Stream 2308 Turner St #4 Springdale, AR 72764 | Tim Law PHONE: 801-691-9945 EMAIL: tlaw@smilestreamsolutions.com | Trade Creditor | | | | $359,624.50 |
| 24 | Corporate Eagle Management Services, Inc 6320 Highland Road Waterford, MI 48327 | Chris Bredernitz PHONE: 248-461-9004 EMAIL: cbredernitz@corporateeagle.com | Trade Creditor | | | | $323,519.88 |
| 25 | Barrett Distribution Centers LLC 4836 Hickory Hill Road Memphis, TN 38141 | Laura Schwindt PHONE: 901-795-5320 EMAIL: abarriero@barrettdistribution.com; cfranklin@barrettdistribution.com | Trade Creditor | | | | $313,269.30 |

Debtor     SmileDirectClub, Inc.                                   Case Number (if known) _____
            Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26   Apical Service, LLC 9330 Ne Vancouver Mall Dr., Ste. 203 #303 Vancouver, WA 98662 | Alexey Vishnevskiy PHONE: 949-207-4050 EMAIL: alex@apicalservice.com | Trade Creditor | | | | $277,800.00 |
| 27   Qentelli LLC 14241 Dallas Parkway, Ste 540 Dallas, TX 75254 | Jennifer Innes PHONE: 469-646-4448 EMAIL: jennifer.i@qentelli.com | Trade Creditor | | | | $270,340.00 |
| 28   Amazon Web Services, Inc. PO Box 84023 Seattle, WA 98124-8423 | Gerard Denzil PHONE: 1-833-448-2289 EMAIL: aws-receivables-support@email.amazon.com | Trade Creditor | | | | $270,101.59 |
| 29   King & Spalding, LLP 1180 Peachtree St NE 17th Floor Atlanta, GA 30309 | Suzanne Bilbo PHONE:  1-202-626-9255 EMAIL: sbilbo@kslaw.com | Trade Creditor | | | | $255,183.34 |
| 30   Zeta Global Corp. 3 Park Avenue, 33rd Floor New York, NY 10016 | Donna McLaughlin PHONE: 1-631-851-5209 EMAIL: dmclaughlin@zetaglobal.com | Trade Creditor | | | | $250,000.00 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Access Dental Lab, LLC** |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 09/29/2023 | ☒ */s/ Troy Crawford* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Troy Crawford** |
| | | Printed name |
| | | **Chief Financial Officer** |
| | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT OF**
**THE SPECIAL COMMITTEE, MANAGER, OR SOLE MEMBER**

**Dated as of September 29, 2023**

After due deliberation, the undersigned, being all of the members of the special committee of the board of directors, the manager, or the sole member, as applicable (each, a "Governing Body"), of each of the companies listed on Schedules 1 through 6 attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions (the "Resolutions") by written consent as of the date first written above, pursuant to the bylaws, the operating agreements, or the limited liability company agreements of each Company as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

**RESOLUTIONS**

**Chapter 11 Filing**

WHEREAS, each Governing Body has considered presentations by the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Governing Body has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to each respective Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each respective Company (including a consideration of its creditors and other parties in interest) that each respective Company identified as a Debtor on Annex A attached hereto (collectively, the "Debtors" and each a "Debtor") shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that the Chief Financial Officer, Chief Legal Officer, Corporate Secretary and/or any Vice President, or any other duly appointed officer of each respective Company (each, an "Authorized Signatory" and collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and hereby are, with power of delegation, authorized, empowered and directed to execute and file on behalf of each respective Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each respective Company's business.

**Retention of Professionals**

WHEREAS, each Governing Body has considered presentations by the financial and legal advisors of the Companies regarding the retention of such financial and legal advisors by each respective Debtor.

NOW, THEREFORE, BE IT,

RESOLVED, that each Debtor be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each Debtor be, and hereby is, authorized and directed to employ the law firm of Jackson Walker L.L.P. ("Jackson Walker") as local bankruptcy counsel to represent and assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker.

RESOLVED, that each Debtor be, and hereby is, authorized and directed to employ the firm Centerview Partners LLC ("Centerview") as financial advisor and investment banker to assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Centerview.

RESOLVED, that each Debtor be, and hereby is, authorized and directed to employ the firm FTI Consulting Inc. ("FTI Consulting"), as restructuring advisor, to assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of each Debtor's rights and obligations; and in connection therewith, each Authorized Signatory,

with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI Consulting.

RESOLVED, that each Debtor be, and hereby is, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice and claims agent to assist each Debtor in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Debtor's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll.

RESOLVED, that each Debtor be, and hereby is, authorized and directed to employ any other professionals to assist each respective Debtor in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with each respective Debtor's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral, Debtor in Possession Financing, and Adequate Protection**

WHEREAS, reference is made to that certain Revolving Credit and Security Agreement providing SmileDirectClub, LLC with a $10 million line of credit (the "Line of Credit") from Cluster Holdco LLC ("Cluster").

WHEREAS, reference is made to that certain secured promissory note issued by SmileDirectClub, LLC to Cluster (the "Secured Promissory Note") in the principal amount of $10 million to evidence the amounts loaned by Cluster under the Line of Credit.

WHEREAS, reference is made to that certain Superpriority Senior Secured Debtor-In-Possession Credit Agreement (together with all exhibits, schedules and annexes thereto, as amended, restated, amended and restated or modified from time to time, the "DIP Credit Agreement"), dated on or about the date hereof, by and among SDC Financial LLC, a Delaware limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, SmileDirectClub, Inc. as Parent, Cluster and each other person from time to time party thereto as a lender, Cluster, as administrative agent for the Lenders and as collateral agent for the Lenders (the "DIP Agent"), and each other person from time to time party hereto as a lender.

NOW, THEREFORE, BE IT,

RESOLVED, that each Debtor attached hereto shall be party to the DIP Credit Agreement (collectively, the "DIP Loan Parties" and each a "DIP Loan Party") and will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for Cluster under the Secured Promissory Note, and (b) the incurrence of debtor in possession financing obligations pursuant to the DIP Credit Agreement (the "DIP Financing").

RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings and other extensions of credit thereunder), the issuance of any letter of credit thereunder, and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved.

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each DIP Loan Party will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and the lenders that are party to each of the DIP Credit Agreements (the "DIP Obligations") as documented in a proposed order in interim and final form (the "DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that each applicable DIP Loan Party's execution and delivery of, and its performance of its obligations in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories is hereby authorized by the Governing Bodies and directed to negotiate the terms of and to execute, deliver and perform the DIP Credit Agreement and any and all other documents, certificates, instruments or agreements required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of each applicable DIP Loan Party, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile or other means of electronic transmission, engraved or printed as deemed necessary and preferable.

RESOLVED, that (i) the form, terms and provisions of the Loan Documents (as defined in the DIP Credit Agreement) to which any or all of the DIP Loan Parties are a party, including, without limitation, those pursuant to which they are a party through a joinder agreement, (ii) the grant of security interests in and pledges of all or substantially all of the assets now or hereafter owned by any or all of the DIP Loan Parties as collateral (including pledges of equity and personal property as collateral) under the Loan Documents, (iii) the incurrence and payment of fees and expenses, and (iv) the guaranty of obligations by any or all of the DIP Loan Parties under the Loan Documents, from which each DIP Loan Party will derive value, be and hereby are, authorized, adopted and approved.

RESOLVED, that each applicable DIP Loan Party's execution and delivery of, and performance of its obligations under, the Loan Documents to which any or all of the DIP Loan

Parties are a party, are hereby, in all respects, authorized and approved by the Governing Bodies; and further resolved, that each of the Authorized Signatories is hereby authorized and directed to negotiate the terms of and to execute, deliver and perform the Loan Documents to which any or all of the DIP Loan Parties are a party and any and all other documents, certificates, instruments or agreements required to consummate the transactions contemplated thereby in the name and on behalf of each applicable DIP Loan Party, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile or other means of electronic transmission, engraved or printed as deemed necessary and preferable.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective DIP Loan Party to file or to authorize the DIP Agent or any other designee to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each respective DIP Loan Party that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each respective DIP Loan Party and such other filings in respect of intellectual and other property of each respective DIP Loan Party, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent and of the lenders and secured parties under the DIP Credit Agreement, the DIP Order, and any related agreements entered into by the DIP Loan Parties in connection with the DIP Credit Agreement.

**Existing Financing Forbearance Agreement**

WHEREAS, reference is made to that certain Limited Forbearance Agreement (together with all exhibits, schedules and annexes thereto, as amended, restated, amended and restated or modified from time to time, the "Forbearance Agreement"), dated on or about the date hereof, by SDC U.S. SMILEPAY SPV, a Delaware statutory trust ("SmilePay"), SMILEDIRECTCLUB, LLC, a Tennessee limited liability company ("SmileDirectClub"), as the seller and initial servicer, SDC Financial LLC, a Delaware limited liability company (the "SDC Financial", together with SmilePay and SmileDirectClub, the "Forbearance Credit Parties"), the financial institutions party hereto as lenders under the Forbearance Agreement, and HPS INVESTMENT PARTNERS, LLC (the "HPS"), in its capacity as collateral agent and as administrative agent.

NOW, THEREFORE, BE IT,

RESOLVED, that the form, terms and provisions of the Forbearance Agreement and the transactions contemplated by the Forbearance Agreement (including, without limitation, the borrowings and other extensions of credit thereunder), the issuance of any letter of credit thereunder, and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved.

RESOLVED, that each applicable Forbearance Credit Party's execution and delivery of, and its performance of its obligations in connection with the Forbearance Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories is hereby authorized by the Governing Bodies and directed to negotiate the terms of and to execute, deliver and perform the Forbearance Agreement and any and all other documents, certificates, instruments or agreements required to consummate the transactions contemplated by the Forbearance Agreement in the name and on behalf of each applicable Forbearance Credit Party, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile or other means of electronic transmission, engraved or printed as deemed necessary and preferable.

RESOLVED, that (i) the form, terms and provisions of the Forbearance Agreement and all related documents to which any or all of the Forbearance Credit Parties are a party, including, without limitation, those pursuant to which they are a party through a joinder agreement, (ii) the grant of security interests in and pledges of all or substantially all of the assets now or hereafter owned by SmilePay as collateral (including pledges of equity and personal property as collateral) under the Forbearance Agreement, (iii) the incurrence and payment of fees and expenses, and (iv) the guaranty of obligations by any or all of the Forbearance Credit Parties under the Forbearance Agreement, from which each Forbearance Credit Party will derive value, be and hereby are, authorized, adopted and approved.

RESOLVED, that each applicable Forbearance Credit Party's execution and delivery of, and performance of its obligations under, the Forbearance Agreement to which any or all of the Forbearance Credit Parties are a party, are hereby, in all respects, authorized and approved by the Governing Bodies; and further resolved, that each of the Authorized Signatories is hereby authorized and directed to negotiate the terms of and to execute, deliver and perform the Forbearance Agreement and related documents to which any or all of the Forbearance Credit Parties are a party and any and all other documents, certificates, instruments or agreements required to consummate the transactions contemplated thereby in the name and on behalf of each applicable Forbearance Credit Party, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile or other means of electronic transmission, engraved or printed as deemed necessary and preferable.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each Authorized Signatory (and such Authorized Signatory's designees and delegates) be, and hereby is, individually authorized and empowered, in the name of and on behalf of each respective Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable

in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each respective Company, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of each respective Governing Body.

* * *

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

The Special Committee of the Board of Directors of each Company listed on <u>Schedule 1</u>

*Alex Dimitrief*
Alex Dimitrief (Sep 29, 2023 08:53 EDT)

_____
Alex Dimitrief


_____
Edward W. Ward, III


_____
Linda Williams

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

The Special Committee of the Board of Directors of each Company listed on <u>Schedule 1</u>

_____

Alex Dimitrief

*Edward W. Ward, III*
Edward W. Ward, III (Sep 29, 2023 16:54 GMT+3)
_____

Edward W. Ward, III

_____

Linda Williams

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

The Special Committee of the Board of Directors of each Company listed on <u>Schedule 1</u>

_____

Alex Dimitrief

_____

Edward W. Ward, III

_____

Linda Williams

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

SDC Financial LLC, being the sole Member of each Company listed on <u>Schedule 3</u>

By:_____

Name: Troy Crawford

Title:   Chief Financial Officer

[Signature Page to Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

SMILEDIRECTCLUB, LLC, being the sole
Member of each Company listed on <u>Schedule 4</u>

By: _____

Name:  Troy Crawford
Title:   Chief Financial Officer

[Signature Page to Omnibus Written Consent]

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

CAMF II, LLC, being the sole Member of each Company listed on <u>Schedule 5</u>

By: _____

Name:  Troy Crawford

Title:   Chief Financial Officer

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

The Board of Trustees of each Company listed on Schedule 6

_____
Susan Greenspon Rammelt
Trustee


_____
Steven Katzman
Trustee

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

The Board of Trustees of each Company listed on Schedule 6

_____

Susan Greenspon Rammelt
Trustee

*Steve Katzman*

_____

Steven Katzman
Trustee

The undersigned, being the Manager and the Majority of Interest of the Members (as defined in the Seventh Amended and Restated Limited Liability Company Agreement of SDC Financial LLC, dated as of September 13, 2019 (the "LLC Agreement")) of the Company listed on Schedule 2, hereby acknowledge and consent to the foregoing Resolutions, including, without limitation, the pledge by SmileDirectClub, Inc. of its Units (as defined in the LLC Agreement), notwithstanding Section 10.1, Section 10.2, and Section 10.7 of the LLC Agreement and anything else to the contrary contained in the LLC Agreement. For the avoidance of doubt, the obligation of the transferee under Section 10.2(d) to be admitted as the Manager (as defined in the LLC Agreement) coincident or prior to any Transfer (as defined in the LLC Agreement) of the Manager's Units shall occur at the time of any foreclosure on the pledge, and not in connection with the pledge granted under the Loan Documents.

**MANAGER:**

SMILEDIRECTCLUB, INC.

By:_____

Name: Troy Crawford

Title:   Chief Financial Officer

**MEMBERS**

DBK INVESTMENTS LLC,

By: CVG ADVISORS LLC

Its: Managing Member

By:_____
david katzman (Sep 29, 2023 08:28 EDT)

Name: David B. Katzman

Title:   Manager

JM KATZMAN INVESTMENTS, LLC,

By:_____
jordan katzman (Sep 29, 2023 10:01 EDT)

Name: Jordan Katzman

Title:   Manager

**Schedule 1**

**The Special Committee of the Board of Directors:  Alex Dimitrief, Edward W. Ward, III, and Linda Williams**

| Company | Jurisdiction |
|---|---|
| SmileDirectClub, Inc. | Delaware |

## Schedule 2

**Manager:  SmileDirectClub, Inc.**

| Company | Jurisdiction |
|---|---|
| SDC Financial LLC | Delaware |

## Schedule 3

**Sole Member:  SDC Financial LLC**

| Company | Jurisdiction |
|---|---|
| Access Dental Lab, LLC | Tennessee |
| SmileDirectClub, LLC | Tennessee |
| SmileFarm, LLC | Tennessee |

## Schedule 4

**Sole Member:  SmileDirectClub, LLC**

| Company | Jurisdiction |
|---|---|
| CAMF II, LLC | Delaware |
| SDC Holding, LLC | Tennessee |
| SDC Plane, LLC | Delaware |

## Schedule 5

**Sole Member:  CAMF II, LLC**

| Company | Jurisdiction |
|---|---|
| Ortho Lab Services, LLC | Delaware |

## Schedule 6

**Board of Trustees:  Susan Greenspon Rammelt and Steven Katzman**

| Company | Jurisdiction |
|---|---|
| SDC U.S. SmilePay SPV | Delaware |

**Annex A**

**Debtors**

1. SmileDirectClub, Inc.
2. SDC Financial LLC
3. Access Dental Lab, LLC
4. SmileDirectClub, LLC
5. SmileFarm, LLC
6. CAMF II, LLC
7. SDC Holding, LLC
8. SDC Plane, LLC
9. ORTHO LAB SERVICES, LLC